(112 So. 395)

No. 27345.

### BLANCHARD v. FORGEY et al.

March 28, 1927. Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. Conspiracy ⊚⇒7—Boat owners held not guilty of libelous conspiracy in preparing complaint for submission to superior of deputy collector of custom's inefficiency, though complaint was inadvertently published (Const. 1921, art. 1, § 5).

Boat owners *held* not liable to deputy collector of customs for libelous conspiracy in preparing affidavit intended to be submitted to plaintiff's superior officer of plaintiff's inefficiency and neglect of duty, though affidavit was published or referred to in newspaper, where publication was without defendants' knowledge or consent; right to complain to higher authorities being guaranteed by Const. 1921, art. 1, § 5.

2. Conspiracy ⊚⇒19—In libel suit, evidence held insufficient to show conspiracy to publish affidavits charging deputy collector with illegal fines.

In action by deputy collector of customs against boat owners for libelous conspiracy, evidence *held* insufficient to show defendants procured or published affidavits charging illegal obtaining of fines.

Appeal from Sixteenth Judicial District Court, Parish of St. Mary; James Simon, Judge.

Suit by C. A. Blanchard against E. T. Forgey and others. Judgment for defendants, and plaintiff appeals. Affirmed.

C. S. Hebert, of New Orleans, L. O. Pecot, of Franklin, and C. A. Blanchard, of Morgan City, for appellant.

Borah, Himel, Bloch & Borah, of Franklin, Charles L. Wise, of Morgan City, James R. Parkerson, of Baton Rouge, and Walter T. Gilmore, of Morgan City, for appellees.

LAND, J. Petitioner is a deputy collector of customs at Morgan City, La., a subport of New Orleans. The present suit has been instituted by him against Walter Caron and E. T. Forgey, E. S. Boudreaux, B. H. Boyle, John R. Drackett, H. S. Puckett, A. (Andrew) Hogan, Jos. Chotin, W. J. Lowrance, and Robt. T. Hamilton, to recover judgment in solido against the defendants in the sum of $25,000 for an alleged conspiracy to libel, defame, and injure petitioner.

The defendants, except Caron, are the owners of boats, and are within the jurisdiction of plaintiff, whose official duties as deputy collector consist in keeping records, documenting boats, inspecting boats, surveying them, and in attending generally to all business in which the customs are concerned.

The various acts alleged as being in furtherance of the libelous conspiracy charged consist of the following, to wit:

[1] 1. An affidavit made on June 11, 1923, and signed by all of the defendants except Caron, before I. W. Paddock, a notary public, at Morgan City, La.

This affidavit contains a complaint by affiants that they, as boat owners, were not receiving the proper service from plaintiff, as deputy collector at the subport of Morgan City, due to the fact that he was neglecting his official duties in order to attend to his law practice at various points in the state. The affidavit ends with the petition that plaintiff be suspended as deputy collector, and that a serviceable man be appointed as his successor.

The plaintiff, as deputy collector, is accountable to his superior officer, the collector of customs of the port of New Orleans. The right to complain to higher authority is, and always has been, one of the attributes of citizenship under a free government, and is

expressly made one of constitutional guaranty in this state. Const. 1921, art. 1, § 5; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Jones v. City of New Orleans, 160 La. 645, 107 So. 476.

We find nothing of a libelous or defamatory character in the affidavit or petition in question. It is a lawful document, and the evidence in the case shows that it was intended by defendants only for the legitimate purpose of being submitted to and acted upon by the collector of customs.

The publication or reference to this affidavit in the issues of the New Orleans Item of June 25 and 28, 1923, was not authorized by any of its signers, and was made without their knowledge, consent, or connivance, as is disclosed by the evidence before us.

[2] 2. That defendants authorized, encouraged, approved, and confirmed the actions of the defendant Caron in his soliciting and publishing in the New Orleans Item three affidavits signed by J. M. Boudreaux, Joseph Angeron, and D. J. Angeron, charging plaintiff with illegally obtaining fines for his personal benefit, as deputy collector of customs.

In our opinion, the evidence fails to establish any conspiracy between the defendants and Caron as to the procurement or publication of the affidavits in question, or any confirmation of the alleged acts of Caron in connection therewith.

After hearing and seeing the witnesses, the jury found a verdict against plaintiff and for defendants. This verdict was approved by the trial judge, and judgment was rendered thereon rejecting plaintiff's demand at his cost.

After carefully reviewing and considering the evidence in the case, we find no good reason for setting aside the verdict of the jury and reversing the judgment appealed from.

Judgment affirmed.